**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1058
_____

BALJIT KAUR,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A071-485-150)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Filed: July 1, 2014)
_____

OPINION
_____

PER CURIAM

Baljit Kaur ("Kaur") petitions for review of the decision of the Board of Immigration Appeals ("Board") denying her motion to reopen. For the reasons that follow, we will deny the petition for review.

I.

Kaur, a citizen of India, entered the United States without inspection in 1994. Shortly thereafter, she was served with a notice to appear charging her as removable pursuant to former Immigration and Nationality Act ("INA") § 241(a)(1)(B), [8 U.S.C. § 1251(a)(1)(B) (1994)], as an alien who entered the United States without inspection. At her immigration hearing, Kaur conceded her removability as charged but sought asylum and withholding of deportation. The IJ determined that she did not credibly testify as to her political activities in India, which were the basis for her asylum claim, and he entered an order of removal on January 19, 1998.

Kaur failed to file a timely appeal; she later filed a motion to reopen, which the IJ denied in July 1998. Kaur appealed the IJ's denial of her motion to reopen, but the Board summarily dismissed her appeal in April 2002 because she had failed to file a supporting brief. In May 2002, Kaur sought reconsideration of the Board's April 2002 summary dismissal. The Board denied her motion. Over the next six years, she filed three additional motions to reopen based on changed country conditions. Each of her motions was unsuccessful.

In October 2013, Kaur filed a fifth motion to reopen, seeking primarily to reinstate her appeal of the IJ's July 1998 denial of her first motion to reopen. She claimed that her counsel at the time had ineffectively failed to file a supporting brief, thereby resulting in the summary dismissal of her appeal. In the alternative, she also sought to reopen the proceedings to allow her to apply for relief under Article 3 of the Convention Against Torture ("CAT"), which had not been incorporated into domestic law at the time of her removal hearing. Kaur explained that she had failed to apply for CAT relief sooner because of the ineffectiveness of prior counsel. The Board determined that Kaur had not complied with the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), for bringing an ineffective assistance of counsel claim, and that she had not demonstrated due diligence in pursuing that claim. Accordingly, the Board denied her motion as both time- and number-barred. Kaur, pro se, filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252, and we review denials of motions to reopen under a deferential abuse of discretion standard. See Sevoian v. Ashcroft, 290 F.3d 166, 170, 174 (3d Cir. 2002). "Discretionary decisions of the [Board] will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" Tipu v. I.N.S., 20 F.3d 580, 582 (3d Cir. 1994). In general, motions to reopen must be filed within 90 days from the date "on which the final administrative decision was rendered in the proceeding sought to be reopened." See 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C.

3

§ 1229a(c)(7)(C). This time limit is subject to equitable tolling. See Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). Kaur does not dispute that her motion to reopen was filed more than 90 days after the agency's final decision. Rather, she argues that the Board abused its discretion by refusing to equitably toll the 90-day time limitation for filing a motion to reopen on the basis of the alleged ineffectiveness of counsel.

Ineffective assistance of counsel can serve as a basis for equitable tolling, but it must be substantiated and accompanied by a showing of due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). "Periods of unaccounted-for delay reveal a lack of diligence." Id. at 253. Here, Kaur claimed that her first attorney failed to file a brief in support of her appeal of the IJ's July 1998 order, and that her second attorney failed to raise her ineffective assistance claim in a number of motions to reopen filed between 2002 and 2008. Moreover, her second attorney failed to seek reopening based on the 1999 incorporation of the CAT into domestic law. While Kaur stated that she had filed a complaint against each attorney in September 2013 and had notified them of the accusations, she did not provide proof of service. The Board therefore acted within its discretion in concluding that Kaur had not demonstrated her compliance with the procedural requirements for establishing an ineffective assistance of counsel claim. See Lozada, 19 I. & N. Dec. at 638 (requiring that the movant submit to the Board: (1) an affidavit "attesting to the relevant facts," (2) a report of counsel's response or failure to respond to the allegations, and (3) information regarding whether a complaint has been

4

filed with the appropriate disciplinary authorities).  Moreover, as Kaur did not account

for the period of delay in pursuing her ineffectiveness claim between 2002 and 2013, the

Board did not abuse its discretion in concluding that Kaur had not established due

diligence.[1]  See Mahmood, 427 F.3d at 253.

Accordingly, we will deny the petition for review.

---

[1] Although Kaur filed three motions to reopen between 2002 and 2008 (and the Board improperly declined jurisdiction over two of those motions), they do not demonstrate due diligence, as none raised a claim of ineffective assistance of counsel.  Moreover, she did nothing to pursue her ineffective assistance claims until 2013.